UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CHARLES and CAROL SWEET, as Administrators of the Estate of SHAWN SWEET; CHARLES and CAROL SWEET, Individually

v. C.A. No. 04-056 L

AMERICAN FOAM CORPORATION, *et al*

**ANSWER OF DEFENDANT, BARRY WARNER, TO PLAINTIFFS' COMPLAINT**

Now comes Defendant, ***Barry Warner***, and hereby answers Plaintiffs' Complaint as follows:

**Jurisdiction and Venue**

1. The allegations of Paragraph 1, can neither be admitted nor denied as they state conclusions of law rather than factual assertions.

2. The allegations of Paragraph 2, can neither be admitted nor denied as they state conclusions of law rather than factual assertions.

3. The allegations of Paragraph 3, can neither be admitted nor denied as they state conclusions of law rather than factual assertions.

**Parties**

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of Plaintiffs' Complaint, and therefore, denies same.

5. Defendant admits that American Foam Corporation is a corporation organized under the laws of the State of Rhode Island, with a principal place of business in

61

Johnston, Rhode Island, but denies the remaining allegations set forth in Paragraph 5 of Plaintiffs' Complaint.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of Plaintiffs' Complaint, and therefore, denies same.

7. Defendant admits Barry H. Warner is a resident of West Warwick, Rhode Island, but denies the remaining allegations set forth in Paragraph 7 of Plaintiffs' Complaint.

As to Paragraphs 8-30 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, and therefore, denies same.

**Allegations Common to All Counts**

As to Paragraphs 31-43 of Plaintiffs' Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, and therefore, denies same.

**Claims as to American Foam Corporation**

**Counts 1-4**

As to Paragraphs 44, 50, 52, and 61 of Plaintiffs' Complaint, Defendant restates its responses to Paragraphs 1 through 250 of Plaintiffs' Complaint as if fully set forth herein.

As to Paragraphs 45-49, 51, 53-60, and 62 of Plaintiffs' Complaint, Defendant denies the allegations set forth therein.

**Claims as to Other Defendants**

**Counts 5-8 and 15-40**

As to Paragraphs 63, 69, 71, 80, 110, 116, 118, 124, 126, 132, 134, 140, 142, 151, 153, 162, 164, 173, 175, 181, 183, 191, 193, 202, 204, 219, 221, 234, 236 and 249 of Plaintiffs′ Complaint, Defendant restates its responses to Paragraphs 1 through 250 of Plaintiffs′ Complaint as if fully set forth herein.

As to Paragraphs 64-68, 70, 72-79, 81, 111-115, 117, 119-123, 125, 127-131, 133, 135-139, 141, 143-150, 152, 154-161, 163, 165-172, 174, 176-180, 182, 184-190, 192, 194-201, 203, 205-218, 220, 222-233, 235, 237-248, and 250 of Plaintiffs′ Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, and therefore, denies same.

**Claims as to Barry H. Warner**

**Counts 9-14**

As to Paragraphs 82, 90, 92, and 108, of Plaintiffs′ Complaint, Defendant restates its responses to Paragraphs 1 through 250 of Plaintiffs′ Complaint as if fully set forth herein.

As to Paragraphs 83 and 93, of Plaintiffs' Complaint, Defendant admits the allegations set forth therein.

As to Paragraphs 84-89, 91, and 94-107 of Plaintiffs′ Complaint, Defendant denies the allegations set forth therein.

**WHEREFORE,** Defendant, ***Barry Warner***, demands judgment against Plaintiffs for costs.

## FIRST AFFIRMATIVE DEFENSE

Defendant denies the applicability of the doctrine of strict liability in tort to this litigation.

## SECOND AFFIRMATIVE DEFENSE

Defendant states that Plaintiffs' claims against Defendant are barred because damages or losses experienced, if any, were not due to any act or failure to act of this Defendant, but were caused solely by the acts of a third-party or parties for whose acts or failure to act this Defendant is not responsible.

## THIRD AFFIRMATIVE DEFENSE

Defendant states that Plaintiffs were not in the exercise of due care, but rather the negligence of Plaintiffs contributed to or caused the injuries or damages complained of, and therefore, the recovery of Plaintiffs is barred in whole or in part, or is subject to diminution.

## FOURTH AFFIRMATIVE DEFENSE

Defendant gave no warranties, express or implied, to Plaintiffs or to anyone acting on their behalf.

## FIFTH AFFIRMATIVE DEFENSE

Defendant states that if there were express or implied warranties as alleged in the Complaint, which Defendant specifically denies, Plaintiffs were not within the scope of any such alleged warranties and no sale to Plaintiffs ever occurred of any product sold or distributed by Defendant.

## SIXTH AFFIRMATIVE DEFENSE

Defendant states that Plaintiffs' claims based on allegations of express or implied warranty are barred for the reason that no sale of goods occurred.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant states that no one relied upon the skill and judgment of the Defendant in selecting the product referred to in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant states that if it was liable, negligent or in breach of any warranty, all of which it expressly denies, Defendant's liability in any or all of those events has been terminated by the intervening acts, omissions, or negligence of others for whose conduct Defendant is not legally responsible.

## NINTH AFFIRMATIVE DEFENSE

Defendant states that the Complaint fails to state any claim upon which relief can be granted to the extent that it seeks punitive or exemplary damages, which are not recoverable under applicable law.

## TENTH AFFIRMATIVE DEFENSE

Defendant states that an award of punitive damages against Defendant in this case would be unconstitutional and in violation of the due process and equal protection clauses of the Fourteenth Amendment of the Constitution of the United States.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant states that if Defendant, its agents or servants made any express or implied warranties, which Defendant specifically denies, then Defendant denies that it breached any of the warranties.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant states that if Defendant, its agents or servants made any express warranties, allegations which Defendant specifically denies, then Plaintiffs did not rely on the express warranties and further, there was no such reliance by any person or entity authorized to represent Plaintiffs.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant states that Plaintiffs failed to give notice of the alleged breaches of warranties within a reasonable time.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant states that Plaintiffs were not a third-party beneficiary with reference to any alleged warranties, either express or implied, and, therefore, Plaintiffs cannot recover in this action.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant states that if Plaintiffs prove that Plaintiffs were injured as alleged, said injuries were caused by the intervening and/or superseding acts of third persons for whom this Defendant is not liable.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant pleads *General Laws of Rhode Island,* §9-1-32.

**BARRY WARNER**

By his Attorneys,

Ronald Langlois, Esq. #2891
**Smith & Brink, P.C.**
One State Street, Suite 400
Providence, Rhode Island 02908
(401) 351-9970
*Fax* (401) 274-6218

Dated: August 31, 2004

Defendant, ***Barry Warner***, hereby claims a trial by jury.

Ronald Langlois, Esq.

## CERTIFICATION

I hereby certify that I mailed a true copy of the within to the attorney(s) listed below on the 31 day of August, 2004.

Dana [illegible]

| | | |
|---|---|---|
| Brian Cunha, Esq.<br>904 Broadway<br>East Providence, RI 02914 | Mark Reynolds, Esq.<br>Boyer, Reynolds & DeMarco<br>170 Westminster St, Suite 200<br>Providence, RI 02903 | Randall Souza, Esq.<br>Nixon Peabody, LLP<br>One Citizens Plaza<br>Providence, RI 02903 |
| Edwards Hinchey, Esq.<br>Sloane & Walsh, LLP<br>Three Center Plaza<br>Boston, MA 02108 | Faith LaSalle, Esq.<br>One Turks Head Place<br>76 Westminster Street<br>Suite 1010<br>Providence, RI 02903 | Thomas Angelone, Esq.<br>Hodosh, Spinella & Angelone<br>One Turks Head Building<br>Suite 1050<br>Providence, RI 02903 |
| Joseph Cavanagh, Jr., Esq.<br>Kristein Rodgers, Esq.<br>Blish & Cavanagh<br>30 Exchange Terrace<br>Providence, RI 02903 | Gerald DeMaria, Esq.<br>James Ruggieri, Esq.<br>Higgins, Cavanagh & Cooney<br>123 Dyer Street<br>Providence, RI 02903 | Howard Merten, Esq.<br>Eric Sommers, Esq.<br>Vetter & White<br>20 Washington Place<br>Providence, RI 02903 |
| Donald Maroney, Esq.<br>James Reilly, Esq.<br>Kelly Kelleher Reilly & Simpson<br>146 Westminster St, Suite 500<br>Providence, RI 02903 | James Lee, Esq.<br>Dept. Attorney General<br>150 South Main Street<br>Providence, RI 02903 | James Murphy, Esq.<br>Kelly Michels, Esq.<br>Hanson Curran LLP<br>146 Westminster Street<br>Providence, RI 02903 |
| ~~William Robinson, III, Esq.~~<br>Stephen Prignano, Esq.<br>Stephen MacGillivray, Esq.<br>Edwards & Angell<br>One Financial Plaza, Suite 2700<br>Providence, RI 02903 | Mark DeSisto, Esq.<br>DeSisto Law Offices<br>211 Angell Street<br>Providence, RI 02909 | Edwin McPherson, Esq.<br>McPherson & Kalmansohn, LLP<br>101 Century Park East<br>24th Floor<br>Los Angeles, CA 90067 |
| Donna Lamontagne, Esq.<br>Steven Hayes, Esq.<br>Zizik, Powers, O'Connell<br>Spaulding & Lamontagne<br>40 Westminster Street<br>Providence, RI 02903 | Randall Souza, Esq.<br>Fred Kelly, Jr., Esq.<br>Nixon Peabody, LLP<br>One Citizens Plaza, Suite 700<br>Providence, RI 02903 | Stephen Breggia, Esq.<br>Breggia, Bowen & Grande<br>395 Smith Street<br>Providence, RI 02908 |