UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CHARLES SWEET, et al., Plaintiffs, | ) | |
| v. | ) | C.A. NO: 04-056L |
| AMERICAN FOAM CORPORATION, et al., Defendants. | ) | |

**ANSWER OF THE DEFENDANT JACK RUSSELL TO PLAINTIFFS' COMPLAINT**

The Defendant, Jack Russell ("Mr. Russell"), hereby responds to the Plaintiffs' Complaint in accordance with Fed. R. Civ. P. 8 and 12 as follows:

**Preliminary Statement**

Mr. Russell has been the subject of past investigations by the Attorney General's Office of the State of Rhode Island concerning the Station Nightclub Fire, and has a reasonable and legitimate concern that he may be the subject of future investigations into such matters, which are included within the scope of the allegations of the Plaintiffs' Complaint. Under these circumstances, Mr. Russell faces a real possibility of criminal prosecution arising out of, and related to, the matters alleged in the Plaintiffs' Complaint. As stated in particular detail below, Mr. Russell therefore expressly exercises his rights under the Fifth Amendment of the United States Constitution and Article 1, Section 13 of the Rhode Island Constitution (the "Fifth Amendment Privilege") to the fullest extent possible in response to the Plaintiffs' Complaint, and respectfully declines to answer the allegations contained in the Plaintiffs' Complaint for that reason. Accordingly, except where specifically addressed below, all of the allegations set forth

75

in the Plaintiffs' Complaint are hereby deemed specifically denied for purposes of Fed. R. Civ. P. 8. See deAntonio v. Solomon, 42 F.R.D. 320, 322 (D. Mass. 1967). Mr. Russell does not intend, by any of his responses, to waive his Fifth Amendment Privilege and protection, and respectfully requests that, in the case of any doubt or ambiguity, his responses be construed as an assertion of the Privilege rather than a waiver of the Privilege. Mr. Russell also specifically reserves his right to amend his answer, and states that he hopes to do so as soon as he may do so without compromising his rights under the Fifth Amendment.

## JURISDICTION AND VENUE

1 – 3. These paragraphs consist of characterizations and conclusions of law, to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of Mr. Russell (or be otherwise directed toward him), Mr. Russell respectfully invokes his Fifth Amendment Privilege against self-incrimination and declines to respond to those allegations, since the threat of criminal prosecution still exists. Mr. Russell also requests that his assertion of his Fifth Amendment Privilege have the effect of a denial of those allegations.

## PARTIES

4 – 13. Mr. Russell is without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to defendants other than Mr. Russell, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of Mr. Russell (or be otherwise directed toward him), Mr. Russell respectfully invokes his Fifth Amendment Privilege against self-incrimination and declines to respond to those allegations, since the threat of criminal prosecution still exists. Mr. Russell also

requests that his assertion of his Fifth Amendment Privilege have the effect of a denial of those allegations.

14. Mr. Russell admits that he is a resident of the State of California. To the extent that the remaining allegations of this paragraph concern or relate to acts or omissions of Mr. Russell (or are otherwise directed toward him), Mr. Russell respectfully invokes his Fifth Amendment Privilege against self-incrimination and declines to respond to those allegations, since the threat of criminal prosecution still exists. Mr. Russell also requests that his assertion of his Fifth Amendment Privilege have the effect of a denial of those allegations.

15 – 30. Mr. Russell is without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to defendants other than Mr. Russell, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of Mr. Russell (or be otherwise directed toward him), Mr. Russell respectfully invokes his Fifth Amendment Privilege against self-incrimination and declines to respond to those allegations, since the threat of criminal prosecution still exists. Mr. Russell also requests that his assertion of his Fifth Amendment Privilege have the effect of a denial of those allegations.

**ALLEGATIONS COMMON TO ALL COUNTS**

31 – 33. Mr. Russell is without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to defendants other than Mr. Russell, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of Mr. Russell (or be otherwise directed toward him), Mr. Russell

respectfully invokes his Fifth Amendment Privilege against self-incrimination and declines to respond to those allegations, since the threat of criminal prosecution still exists. Mr. Russell also requests that his assertion of his Fifth Amendment Privilege have the effect of a denial of those allegations.

34. Since the allegations of this paragraph may be read to concern or relate to acts or omissions of Mr. Russell (or be otherwise directed toward him), Mr. Russell respectfully invokes his Fifth Amendment Privilege against self-incrimination and declines to respond to those allegations, since the threat of criminal prosecution still exists. Mr. Russell also requests that his assertion of his Fifth Amendment Privilege have the effect of a denial of those allegations.

35 – 39. Mr. Russell is without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to defendants other than Mr. Russell, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of Mr. Russell (or be otherwise directed toward him), Mr. Russell respectfully invokes his Fifth Amendment Privilege against self-incrimination and declines to respond to those allegations, since the threat of criminal prosecution still exists. Mr. Russell also requests that his assertion of his Fifth Amendment Privilege have the effect of a denial of those allegations.

40 – 43. Since the allegations of these paragraphs may be read to concern or relate to acts or omissions of Mr. Russell (or be otherwise directed toward him), Mr. Russell respectfully invokes his Fifth Amendment Privilege against self-incrimination and declines to respond to those allegations, since the threat of criminal prosecution still exists. Mr. Russell also requests

that his assertion of his Fifth Amendment Privilege have the effect of a denial of those allegations.

## CAUSES OF ACTION

## COUNTS ONE THROUGH SIXTEEN

44. Mr. Russell repeats his responses to Paragraphs 1 through 43 of the Plaintiffs' Complaint, as if fully set forth herein.

45 – 117. Mr. Russell is without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to defendants other than Mr. Russell, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of Mr. Russell (or be otherwise directed toward him), Mr. Russell respectfully invokes his Fifth Amendment Privilege against self-incrimination and declines to respond to those allegations, since the threat of criminal prosecution still exists. Mr. Russell also requests that his assertion of his Fifth Amendment Privilege have the effect of a denial of those allegations.

## COUNT SEVENTEEN

118. Mr. Russell repeats his responses to Paragraphs 1 through 117 of the Plaintiffs' Complaint, as if fully set forth herein.

119 – 123. Since the allegations of these paragraphs may be read to concern or relate to acts or omissions of Mr. Russell (or be otherwise directed toward him), Mr. Russell respectfully invokes his Fifth Amendment Privilege against self-incrimination and declines to respond to those allegations, since the threat of criminal prosecution still exists. Mr. Russell also requests

that his assertion of his Fifth Amendment Privilege have the effect of a denial of those allegations.

**COUNT EIGHTEEN**

124. Mr. Russell repeats his responses to Paragraphs 1 through 123 of the Plaintiffs' Complaint, as if fully set forth herein.

125. Since the allegations of this paragraph may be read to concern or relate to acts or omissions of Mr. Russell (or be otherwise directed toward him), Mr. Russell respectfully invokes his Fifth Amendment Privilege against self-incrimination and declines to respond to those allegations, since the threat of criminal prosecution still exists. Mr. Russell also requests that his assertion of his Fifth Amendment Privilege have the effect of a denial of those allegations.

**COUNTS NINETEEN THROUGH THIRTY-TWO**

126. Mr. Russell repeats his responses to Paragraphs 1 through 125 of the Plaintiffs' Complaint, as if fully set forth herein.

127 – 192. Mr. Russell is without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to defendants other than Mr. Russell, or (ii) conclusions of law to which no response is required. To the extent that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of Mr. Russell (or be otherwise directed toward him), Mr. Russell respectfully invokes his Fifth Amendment Privilege against self-incrimination and declines to respond to those allegations, since the threat of criminal prosecution still exists. Mr. Russell also requests that his assertion of his Fifth Amendment Privilege have the effect of a denial of those allegations.

## COUNT THIRTY-THREE

193. Mr. Russell repeats his responses to Paragraphs 1 through 192 of the Plaintiffs' Complaint, as if fully set forth herein.

194 – 201. Since the allegations of these paragraphs may be read to concern or relate to acts or omissions of Mr. Russell (or be otherwise directed toward him), Mr. Russell respectfully invokes his Fifth Amendment Privilege against self-incrimination and declines to respond to those allegations, since the threat of criminal prosecution still exists. Mr. Russell also requests that his assertion of his Fifth Amendment Privilege have the effect of a denial of those allegations.

## COUNT THIRTY-FOUR

202. Mr. Russell repeats his responses to Paragraphs 1 through 201 of the Plaintiffs' Complaint, as if fully set forth herein.

203. Since the allegations of this paragraph may be read to concern or relate to acts or omissions of Mr. Russell (or be otherwise directed toward him), Mr. Russell respectfully invokes his Fifth Amendment Privilege against self-incrimination and declines to respond to those allegations, since the threat of criminal prosecution still exists. Mr. Russell also requests that his assertion of his Fifth Amendment Privilege have the effect of a denial of those allegations.

## COUNTS THIRTY-FIVE THROUGH FORTY

204. Mr. Russell repeats his responses to Paragraphs 1 through 203 of the Plaintiffs' Complaint, as if fully set forth herein.

205 – 250. Mr. Russell is without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs, which are either (i) directed to defendants other than Mr. Russell, or (ii) conclusions of law to which no response is required. To the extent

that a response is required, should the allegations of these paragraphs be found to concern or relate to any acts or omissions of Mr. Russell (or be otherwise directed toward him), Mr. Russell respectfully invokes his Fifth Amendment Privilege against self-incrimination and declines to respond to those allegations, since the threat of criminal prosecution still exists. Mr. Russell also requests that his assertion of his Fifth Amendment Privilege have the effect of a denial of those allegations.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

This Defendant asserts the affirmative defense of lack of personal jurisdiction over him by this Court and the Federal Court from which this action was transferred.

SECOND AFFIRMATIVE DEFENSE

If the Plaintiffs should prove that injuries and damages were sustained as alleged, such injuries and damages resulted from acts or omissions of third parties over whom this Defendant had no control or right of control.

THIRD AFFIRMATIVE DEFENSE

While the allegations of the Plaintiffs are deemed denied with respect to negligence, statutory liability, strict liability, injury and damages, to the extent that the Plaintiffs may be able to prove the same, they were the result of intervening and/or interceding acts or superseding negligence on the part of third parties over which this Defendant had neither control nor right of control.

FOURTH AFFIRMATIVE DEFENSE

This Defendant states that, if the Plaintiffs suffered injuries or damages, as alleged, such injuries or damages were caused by some person(s) or entity(ies) for whose conduct this Defendant was not and is not legally responsible.

FIFTH AFFIRMATIVE DEFENSE

This Defendant did not act individually or engage in concert of action with any one or more of the other defendants herein for the purpose of accomplishing an unlawful purpose or to accomplish some purpose, not in and of itself unlawful, by unlawful means. Nor did this Defendant join in or participate in any joint venture with any one or more of the other defendants herein. Accordingly, the Plaintiffs cannot recover against this Defendant under theories of civil conspiracy or joint venture liability.

SIXTH AFFIRMATIVE DEFENSE

The damages, if any, recovered by the Plaintiffs from the decedent's alleged wrongful death are prescribed and limited by the provisions of R.I. Gen. Laws §§ 10-7-1 through 10-7-4.

SEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claim for a specific monetary award (*ad damnum)* is barred by Rhode Island law and should be stricken pursuant to R.I. Gen. Laws § 9-1-30.

EIGHTH AFFIRMATIVE DEFENSE

This Defendant asserts the affirmative defense that the Complaint fails to state any claim against this Defendant upon which any relief, whether compensatory, exemplary, punitive, or otherwise can be granted.

NINTH AFFIRMATIVE DEFENSE

This Defendant asserts the affirmative defense that to the extent the Plaintiffs seek to impose punitive damages, any such claim for punitive damages would be unconstitutional under the United States Constitution and applicable provisions of the Rhode Island State Constitution and unlawful under applicable State statutes to the extent that, among other things: (1) a defendant's liability for punitive damages and the appropriate amount of punitive damages are not required to be established by clear and convincing evidence; (2) punitive damages are sought to be awarded without bifurcating the trial of all punitive damages issues; (3) any award of punitive damages is sought with no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive damages that the court or a jury may impose; (4) any award of punitive damages is based on anything other than a defendant's alleged conduct in connection with the events at issue in this lawsuit; or (5) an award of punitive damages is sought for the purpose of compensating the Plaintiffs for elements of damage not otherwise recognizable by applicable State law.

TENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are time-barred by the applicable Statute(s) of Limitations.

**JURY DEMAND**

This Defendant demands a trial by jury on all issues so triable.

WHEREFORE, the Defendant, Jack Russell, respectfully requests that:

A. the Plaintiffs' Complaint be dismissed with prejudice as to him;

B. Plaintiffs' demands for relief against him be denied in every respect; and

C. the Court grant such other and further relief as may be just, proper and equitable.

Jack Russell

By his Attorneys,

Fred A. Kelly, Jr. (by RJS)

Fred A. Kelly, Jr. (#4553)
Randall L. Souza (#4082)
Ian C. Ridlon (#5524)
NIXON PEABODY LLP
One Citizens Plaza
Providence, RI 02903
(401) 454-1000
(401) 454-1030 (Fax)

Edwin F. McPherson (by RJS)

Edwin F. McPherson (Admitted *Pro Hac Vice*)
McPHERSON & KALMANSOHN, LLP
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
(310) 553-8833
(310) 553-9233 (Fax)

Dated: September 22, 2004

CERTIFICATION OF SERVICE

I hereby certify that on the 22nd day of September, 2004, I mailed a true copy of the within Answer of the Defendant Jack Russell to Plaintiffs' Complaint via first-class mail, postage prepaid to all counsel of record listed on attached service list.

Collette Palmer