UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CHARLES and CAROL SWEET, as Administrators of the Estate of SHAWN SWEET; CHARLES and CAROL SWEET, Individually, | : | |
| Plaintiffs, | : | |
| | : | C.A. NO.: 04-56-L |
| V. | : | |
| AMERICAN FOAM CORPORATION et al., | : | |
| Defendants | : | |

**PLAINTIFFS' OBJECTION TO DEFENDANT DENIS LAROCQUE AND TOWN OF WEST WARWICK'S MOTION TO DISMISS**

The plaintiffs in the above captioned action respectfully object to the Motion to Dismiss submitted by the Defendants Denis Larocque and the Town of West Warwick. For the reasons more fully set forth in the attached Memorandum of Law, this motion to dismiss should be denied.

Plaintiffs'
By Their Attorneys,
BRIAN CUNHA & ASSOCIATES

Brian R. Cunha, Esquire (#4074)
311 Pine Street
Fall River, MA 02720
Tel: (508) 675-9500
Fax: (508) 679-6360



114

**CERTIFICATION OF SERVICE**

I hereby certify that on the 10th day of January 2005 a true copy of the within was served electronically pursuant to the Court's Order to the following;

| | |
|---|---|
| Andrew Trevelise | atrevelise@reedsmith.com |
| Anthony DeMarco | tdemarco@conversent.net |
| Benjamin White | bwhite@vetterandwhite.com |
| Carl Helein | chenlein@fbtlaw.com |
| Charles Redihan | credihan@KPRlaw.com |
| Christopher Fallon | cfallon@cozen.com |
| Curtis Diedrich | cdiedrich@sloanewalsh.com |
| Deborah Solmor | dsolmor@skadden.com |
| Donald Maroney | dmaroney@kkrs.com |
| Donna Lamontange | dlamontagne@zizikpowers.com |
| Edward Crane | ecrane@skadden.com |
| Edwin McPherson | emcpherson@m-klaw.com |
| Eva Marie Mancuso | emancuso@hwac.com |
| Faith LaSalle | flasalle@lasallelaw.com |
| Fred Kelly | fkelly@nixonpeabody.com |
| Gearld DeMaria | gdemaria@hcc-law.com |
| Howard Merten | hmerten@vetterandwhite.com |
| James Lee | jlee@riag.state.ri.us |
| James Murphy | jtm@hansoncurran.com |
| James Reilly | jreilly@kkrs.com |

| | |
|---|---|
| James Restivo | Jrestivo@reedsmith.com |
| Jose M. Rojas | jrosjas@goodwin.com |
| Joseph Cavanagh | jvc@blishcavlaw.com |
| Kathaleen M. Daniels | kathleen@desistolaw.com |
| Lauren DiSimone Wilkins | lwilkins@smithbrink.com |
| Marc DeSisto | marc@Desistolaw.com |
| Mark Mandell | msmandell@msn.com |
| Max Wistow | mwistow@wistbar.com |
| Michael St. Pierre | Mikesp@rrsplaw.com |
| Patrick Jones | pjones@cmj-law.com |
| Ralph J. Monaco | Rmonaco.c-l@snet.net |
| Robert Reardon/ Robert Rimmer | Reardonlaw@aol.com |
| Ronald Langlois | rlanglois@smithbrink.com |
| Scott Tucker | strcker@ths-law.com |
| Stephen Breggia | sbreggia@BBGlaw.us |
| Stephen Minicucci | sminicucci@calvinolaw.com |
| Susan Wettle | swettle@fbtlaw.com |
| Thomas Angelone | Angelonelaw@aol.com |
| W.Thomas McGough | tmcgough@reedsmith.com |

I further certify that a true copy of the within was mailed on this same day to:

Ronald J. Resmini
Ronald J. Creamer
LAW OFFICES OF RONALD J. RESMINI
1555 South Main Street, Suite 400
Providence, RI 02903

Brian R. Cunha, Esquire

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CHARLES and CAROL SWEET, as Administrators of the Estate of SHAWN SWEET; CHARLES and CAROL SWEET, Individually, | : | |
| Plaintiffs, | : | |
| | : | C.A. NO.: 04-56-L |
| V. | : | |
| AMERICAN FOAM CORPORATION et al., | : | |
| Defendants | : | |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT DENIS LAROCQUE AND TOWN OF WEST WARWICK'S MOTION TO DISMISS**

The plaintiffs in the above captioned action respectfully provide the following memorandum of law in opposition to the defendant Denis Larocque ("Larocque") and the Town of West Warwick's ("West Warwick") motion to dismiss the plaintiffs' complaint, as alleged against them, pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons that follow, this motion to dismiss should be denied.

## I. FACTS AND PROCEEDINGS

This lawsuit arises out of the tragic fire that occurred on February 20, 2003, at The Station nightclub, formerly located in West Warwick, Rhode Island.

One hundred people perished in the blaze that demolished the structure that evening, and hundreds more were injured as a result, many of whom underwent extended hospital stays and required

intensive medical treatment.

The Plaintiffs have now adopted the Amended Master Complaint and allege the following against the Defendant, Town of West Warwick, Dennis P. Larocque, Anothony Bettencourt and Malcolm Moore, In His Capacity as Finance Director of the Town of West Warwick. In Count Fifteen of the Master Amended Complaint the Plaintiffs allege:

¶410. The Defendant Denis Larocque is a resident of West Warwick, Kent County, Rhode Island and is and was at relevant times Fire Inspector for the Town of West Warwick and responsible for enforcement of fire safety laws in the Town.

¶411. Defendant Anthony Bettencourt is an individual who, at all times material hereto, was employed as a police officer by the Town of West Warwick, Rhode Island.

¶412. Malcolm Moore is Finance Director of the Town of West Warwick, a municipal corporation organized and existing under the laws of the State of Rhode Island.

¶413. Denis Larocque as Fire Inspector was responsible for inspecting commercial structures in the Town of West Warwick and for enforcing the fire code and building laws of the State of Rhode Island within West Warwick.

¶414. Denis Larocque, Fire Inspector, negligently failed to properly inspect the premises at 211 Cowesett Avenue in West Warwick, Rhode Island at various times prior to February 20, 2003; additionally, said inspections were relied upon by the owners of The Station and of the realty.

¶415. As a proximate result of the Defendant Denis P. Larocque's negigence plaintiffs suffered injuries or death.

¶416. On February 20, 2003, Anthony Bettencourt was employed as a special detail officer to provide security services, and enforce the law, at The Station nightclub before and during the Great White Concert.

¶417. Defendant Anthony Bettencourt negligently failed to use reasonable care in carrying out his duties, failed to monitor and enforce occupancy restrictions, and permitted dangerous and unlawful overcrowding of the premises, failed to enforce Rhode Island's laws for the permit and use of pyrotechnics and otherwise negligently failed to perform his functions intended to protect the patrons of The Station, including plaintiffs.

¶418. As a direct and proximate result of Anthony Bettencourt's negligence plaintiffs suffered injuries or death.

¶419. The negligence of the Town of West Warwick, by and through its agents, servants and employees, included without limitation:

a. failing to adequetely inspect The Station for safety hazards and violations;

b. Failing to enforce fire safety laws, regulations and standards;

c. allowing unsafe numbers of persons on the premises during the peformance;

d. allowing the use of dangerous pyrotechnic devices during performances at The Station;

e. allowing a public nuisance and a fire hazard to exist for an unreasonable period of time, namely, The Station nightclub.

f. failing to provide sufficient security and fire protection for a function at which they knew or should have known large numbers of people would be in attendance;

g. knowing of numerous dangerous conditions and fire hazards at The Station and failing to remedy those conditions or ordering them to be remedied;

h. failing to protect members of the public for the foreseeable risk of serious injury or death at The Station.

i. failing to adequetely oversee, supervise, monitor, evaluate, train and/or retain those performing inpections of The Station;

j. through the actions and inactions of its "detail policeman" Anthony Bettencourt who was performing a non-governmental function typically performed by private security services on the night of the fire, allowing (a) through (i), above; and

k. responsibility for other acts and failures to act that may become apparent after discovery.

¶420. The negligence of Denis P. Larocque and the Town of West Warwick was egregious; his actions constituted a lack of good faith performance of his duties.

¶421. The negligence of Anthony Bettencourt was egregious.

¶422. The negligence of all other agents, servants and employees of the Town of West Warwick including, without limitation, that of Building Inspector Stephen D. Murray, was egregious.

¶423. All plaintiffs provided the Town of West Warwick with a Notice of Presentment of Claim, pursuant to Rhode Island General Laws Section 45-15-5.

¶424. The egregious negligence of the Town of West Warwick through Denis Larocque, and/or Anthony Bettencourt and/or Stephen D. Murray (or other agents, servants or employees) was a proximate cause of plaintiffs deaths and injuries.

The plaintiffs further allege that this Honorable Court has jurisdiction over the Town of West Warwick and its agents including the Fire Inspector, Dennis Larocque, by virtue of Section 45-15-1 of the General Laws of Rhode Island which provides that the Town may sue and be sued "in any court and elsewhere."

Further, defendant Fire Inspector, Dennis Larocque, is entitled to indemnity by the Town of West Warwick, pursuant to Section 45-15-16 of the Rhode Island General Laws and that pursuant to Section 45-15-5 of the Rhode Island General Laws, the Plaintiffs have provided the defendant Town of West Warwick with a valid Notice of Presentment of Claim, and more than forty (40) days have passed since said notice was provided. Further, the plaintiffs allege that in Count XXXXII that several of the defendant Larocue's actions or omissions constitiute the omission of a crime and offense and accordinginlgy, the plaintiff may recover damges in this action for the defendant's actions pursuant to Rhode Island General Laws Title Nine, Chapter 1, Section 2.

The defendants Larocque and West Warwick have now filed a motion to dismiss the plaintiffs' complaint against them. For the reasons that follow, this motion should be denied.

## II. ARGUMENT

### A. Standard of Review

Pursuant to Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint against it for failure to state a claim upon which relief may be granted. When presented with a motion to dismiss, the district court must take as true the well-pleaded facts as they appear in the complaint, extending the plaintiff every reasonable inference in his favor. See Coyne v. City of Somerville, 972 F.2d 440, 442-43 (1st Cir. 1992). A complaint should not be dismissed under Fed. R. Civ. P. 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See Medina-Claudio v. Rodriquez-Mateo, 292 F.3d 31, 34 (1St Cir. 2002). On appellate review, a district court's decision as to a motion to dismiss is reviewed on a **de novo** standard. Medina-Claudio at 34.

### B. Jurisdiction

Defendants have alleged lack of jurisdiction as the case was originally brought in Massachusetts. However, the case was subsequently transferred to Rhode Island. Therefore, the Complaint has been abandoned and Plaintiffs have adopted the Master Complaint filed in the Rhode Island hence jurisdiction is no longer an issue.

### C. The Plaintiffs' Complaint States A Valid Cause Of Action Against The Defendants Denis Larocque And The Town Of West Warwick

The defendants Denis Larocque and the Town of West Warwick further argue that there is no

cause of action for a government entity's negligent enforcement of a regulatory scheme. The plaintiffs in this matter allege in Count XXX of the Amended Master Complaint, inter alia, that the defendants Denis Larocque, Anthony Bettencourt and Malcolm Moore.

> failed to enforce the building code and fire safety laws of the State of Rhode Island;
>
> failed to adequately inspect The Station;
>
> failed to conduct regular inspections of The Station;
>
> failed to discover and take action for the highly flammable and toxic materials existing on the premises of The Station, which materials should have been discovered by a reasonable inspection;
>
> failed to properly train personnel in fire safety laws, regulations and standards;
>
> failed to require sprinkler systems or other fire prevention devices at The Station;
>
> failed to employ adequate employees and/or personnel to adequately enforce the fire safety laws regulations and standards;
>
> knew or should have known of the use of pyrotechnics at The Station and failed to take action to prevent the same when it was unsafe to use pyrotechnics under the circumstances;
>
> failed to enforce Section 23-28-18-4 of the Rhode Island General Laws by failing to ensure that The Station, which provided performances to more than seventy-five (75) people, was free from combustible debris; and
>
> failed to require that The Station limit the number of patrons on the premises to a safe number of patrons.

This Court should reject the defendants Denis Larocque and the Town of West Warwick's argument that there is no cause of action for a government entity's negligent enforcement of a regulatory scheme and should, accordingly, deny their motion to dismiss on this ground.

The defendants Denis Larocque and the Town of West Warwick primarily rest their argument on cases from other jurisdictions, notably Kentucky and Vermont. There is no reason to search outside Rhode Island for guidance since there are directly applicable statutes and caselaw in Rhode Island.

First, R.I.G.L. §23-28.2-17 provides that the state fire marshal, his or her deputies and assistants charged with the enforcement of the Fire Safety Code "shall not render themselves liable personally, and they are hereby relieved from all personal liability for any damage that may accrue to persons or property as a result of any act required or permitted in the discharge of their official duties." This statute draws a distinction between personal liability and official liability. By its terms, this statute does not relieve a government official from official liability.

The Supreme Court of Rhode Island, in Bitgood v. Allstate Insurance Company, 481 A.2d 1001, 1006 (R.I. 1984) recognized the intent of this statute. In Bitgood, the Supreme Court stated that §23-28.2-17 "purports to relieve the fire marshal and his personnel from any personal legal liability resulting from the carrying out of their responsibilities." It is noteworthy that Rhode Island courts have, nevertheless, imposed personal liability upon such officials where the officials acted in bad faith and with malice. See Bitgood at 1007; Vaill v. Franklin, 722 A.2d 793, 795 (R.I. 1999) (This Court has ruled previously that a deputy fire marshal could be held personally liable for official acts while acting in bad faith and with malice.)

Moreover, R.I.G.L. §45-15-16 provides that a town or city council or any fire district in Rhode Island may, by ordinance **or otherwise,** indemnify any and all elected or appointed fire district officials, public employees, fire district employees and the like. Further, §45-15-16 states that this indemnity "may

be provided by the city or town council or any fire district on a case by case basis or by ordinance of general application." Such indemnification may be declined by the town council or fire district where the official or employee has acted in a willful, wanton or malicious manner.

It is apparent from these Rhode Island statutes and the caselaw construing them that the plaintiffs have alleged valid causes of action against the defendant Town of West Warwick and the defendant Denis Larocque. The State of Rhode Island has recognized that town fire officials may be sued in both their personal and official capacities. In the present case, the plaintiffs' allegations support a cause of action against the defendant Denis Larocque and the defendant Town of West Warwick for the negligent failure to act of these defendants as alleged in the complaint.

**D. The Defendants Denis Larocque And The Town Of West Warwick Are Not Entitled To Quasi Judicial Immunity**

The defendants Denis Larocque and the Town of West Warwick argue that they are entitled to quasi-judicial immunity in this matter. In essence, they seek an order from this Court that the defendant Denis Larocque acted as a judicial officer when he negligently inspected the Station premises prior to the February 20, 2003 fire.

The First Circuit Court of Appeals, in Bettencourt v. Board of Registration in Medicine, 904 F.2d 772 (1st Cir. 1990) conducted an exhaustive and erudite analysis of the requirements to sustain a defense of quasi-judicial immunity. Based upon the guidelines set forth by the First Circuit in Bettencourt, the defendants in this action fall short of the showing necessary to sustain such a defense.

In Bettencourt, the First Circuit equated quasi-judicial action with adjudicatory action. Examples of such conduct include judges performing judicial acts within their jurisdiction, prosecutors

performing acts intimately associated with the judicial phase of the criminal process and certain "quasi-judicial" agency officials who perform functions essentially similar to those of judges or prosecutors in a setting similar to a court. Bettencourt at 782. The Court further noted that many government officials perform legislative, executive and adjudicatory functions. In order to meet the standard necessary to enjoy quasi-judicial immunity, however, a government official must be able to affirmatively respond to three questions regarding their job functions:

1. Does the government official, like a judge, perform a traditional adjudicatory function in that he decides facts, applies law and otherwise resolves disputes on the merits (free from direct political influence)?
2. Does the government official, like a judge, decide cases sufficiently controversial that, in the absence of absolute immunity, he would be subject to numerous damages actions?
3. Does the government official, like a judge, adjudicate disputes against a backdrop of multiple safeguards designed to protect an aggrieved party's constitutional rights?

Bettencourt at 783.

In the present matter, the defendants Denis Larocque and the Town of West Warwick do not engage in any of these activities when they conduct fire inspections. A fire official, such as the defendant Larocque, is not charged with deciding a dispute on the merits between two competing interests. Nor does such an official decide cases sufficiently controversial that he would be subject to numerous damages actions without immunity. Finally, a typical inspection of premises for purposes of fire code compliance does not come with the due process guarantees of notice and a hearing.

In their motion to dismiss, the defendants argue that deputy fire marshals investigate facts and draw conclusions. Even if this were the case, such activity is not enough, under Bettencourt, to satisfy the requirements necessary to show that a government official conducts all of the tasks of a judge in doing his or her job. Further, even if the defendants were able to make such a showing (which they are not) they have not made that showing yet. There is no evidence within the record that would support a finding of quasi-judicial immunity for these defendants. Accordingly, the defendants' motion to dismiss on this basis should be denied.

## E. The Public Duty Doctrine Does Not Protect The Town Defendants In The Instant Suit

The Rhode Island Supreme Court, in Haley v. Town of Lincoln, 611 A.2d 845, 849 (R.I. 1992) stated that where a governmental defendant poses a defense under the public duty doctrine, the pleadings, alone, will rarely provide a basis for a determination on the merits.

The Rhode Island Supreme Court essentially held that, in order to demonstrate the applicability of the public duty doctrine defense, the defendant must produce facts to support its defense. As the Court stated in Haley, "it is virtually impossible for the state to sustain such a burden when the pleadings are viewed in the manner most favorable to the plaintiff." Haley at 849. This holding is premised, in part, on the Supreme Court's recognition that a plaintiffs submission of a complaint with a short and plain statement will often require the defendant state or municipality to introduce further facts to sustain its defense. Since the introduction of facts outside the record is not appropriate when deciding a motion to dismiss, such a motion setting forth a defense under the public duty doctrine is, for all intents and

purposes, impossible.

Despite the need to produce facts in support of its defense, the defendants Denis Larocque and Town of West Warwick, nevertheless seek dismissal of the plaintiffs' complaint on the basis that the plaintiffs' complaint does not allege conduct, or lack of conduct, by the defendants that was egregious. This Court should reject this argument.

The allegations set forth in Count XXX of the plaintiffs' Amended Master Complaint set forth with sufficiently egregious facts to avoid application of the public duty doctrine defense in this matter.

First, this Court should reject the defendants' argument that they did nothing to create circumstances that forced a reasonably prudent person into a position of extreme peril. The cases cited by the defendants actually support the plaintiffs' position more than the defendants' position on this issue. The plaintiffs have alleged that the defendants inspected the Station, but did so negligently, and failed to enforce rules and regulations that would have avoided the February 20, 2003 tragedy. The Rhode Island Supreme Court has construed the "creation" of such circumstances to entail those situations in which the government has gained knowledge of an unsafe condition, yet let it continue to exist. See Verity v. Dante, 585 A.2d 65 (R.I. 1989) (Public duty doctrine not applied where state failed to remove 100 year old tree from sidewalk.); Bierman v. Shookster, 590 A.2d 402 (R.I. 1991)(Public duty doctrine not applicable where state installed and maintained a faulty traffic light.); Martinelli v. Hopkins, 787 A.2d 1158 (R.I. 2001) (Public duty doctrine not applicable where a rotted tree fell on a patron of an outdoor concert where the town had issued the permit to conduct the concert.) The facts alleged by the plaintiffs fall within the spectrum of conduct cited in the aforementioned Rhode Island Supreme Court cases. The facts alleged

by the plaintiff are even more egregious due to the minimal actions that could have been taken to avoid such an unnecessary loss of life.

For the foregoing reasons, this Court should deny the defendants' motion to dismiss to the extent that it is based upon the public duty doctrine.

**F. This Case Should Not Be Dismissed Because Of The Alleged Negligent Acts Of Others**

As admitted by the defendants in their motion to dismiss, the issue of proximate cause is a question of fact for the trier. To the extent that a defendant may seek dismissal of a claim on the basis that the defendant's actions did not proximately cause the plaintiff's harm, such dismissal should not be rendered within a Fed. R. Civ. P. 12(b)(6) motion to dismiss.

In further illustration of this point, one need only look to the cases cited by the defendants. Two of the cases cited by the defendants were decided on motions for summary judgment (The Travelers Insurance Co. v. Priority Business Forms, Inc., 11 F. Supp.2d 194 (D.R.I. 1998) and Splendorio v. Bilray Demolition Co., 682 A.2d 461 (R.I. 1996)); and two of the cases were decided by motion for directed verdict (Walsh v. Israel Couture Post 542 A.2d 1094 (R.I. 1988) and New England Tree Expert Co. v. United Electric Rys. Co., 169 A. 325 (R.I. 1933)(Appeal after trial sustained; directed verdict should have been granted.).

The only two cases cited by the defendants regarding proximate cause issues that were decided on a motion to dismiss are old cases and are factually distinguishable. In Clements v. Tashjoin, 168 A.2d 472 (R.I. 1961) the Court sustained a demurrer in a case where the defendant left his key in the ignition of his car, the car was then stolen and its operation caused the plaintiff to suffer injury. In Kemplin v. H.W.

Golden & Son, Inc., 157 A.2d 873 (R.I. 1931), the Court sustained a demurrer where the plaintiff was directed to cross the highway by the defendant and was then struck by a third party. These cases provide no insight to the issues facing the Court in this matter. The issue of proximate cause is an extraordinarily complicated matter in this case. There are numerous parties whose actions contributed to this tragedy. Such a complex and tragic case demands factual support for any dismissal based upon a lack of proximate cause. This case is not ripe for dismissal on the grounds of lack of proximate case pursuant to Fed. R. Civ. P. 12(b)(6). The cases cited by the defendants provide no support for this Court to dismiss this action on the requested grounds.

### G. The Plaintiffs' Allegations Under R.I.G.L. §9-1-2 Should Not Be Dismissed

The plaintiffs have filed a complaint containing a short and plain statement, consistent with the pleading requirements of Rule 8 regarding the plaintiffs' allegations that the defendants' are liable to them pursuant to R.I.G.L. §9-1-2. Pursuant to R.I.G.L. §9-1-2, it shall not be a defense to such an action that no criminal complaint for the crime or offense has been made. It is respectfully submitted that the allegations of the plaintiffs' complaint against these defendants would support a claim for criminal negligence, despite the fact that no formal indictments in this regard have entered. Further, the defendants have proffered no arguments or proof to sustain their motion to dismiss under Fed. R. Civ. P. 12(b)(6). Accordingly, the defendants' motion on this ground should be denied.

### H. Proper Party

The plaintiffs submitted a notice of claim to the defendant Town of West Warwick and then brought suit against the Town. Further the plaintiffs have adopted the Amended Master Complain which names

Denis P. Larocque, Anthony Bettencourt and Malcolm Moore, in his Capacity as Finance Director of the Town of West Warwick. Therefore the defendant's claim of improper party is moot.

## III. CONCLUSION

For the foregoing reasons, this Court should deny the defendant Denis Larocque and the defendant Town of West Warwick's Motion to Dismiss the plaintiffs' complaint.

Plaintiffs'
By Their Attorneys,
BRIAN CUNHA & ASSOCIATES

Brian R. Cunha, Esquire (#4074)
311 Pine Street
Fall River, MA 02720
Tel: (508) 675-9500
Fax: (508) 679-6360

## CERTIFICATION OF SERVICE

I hereby certify that on the ____ day of January 2005 a true copy of the within was served electronically pursuant to the Court's Order to the following;

| | |
|---|---|
| Andrew Trevelise | atrevelise@reedsmith.com |
| Anthony DeMarco | tdemarco@conversent.net |
| Benjamin White | bwhite@vetterandwhite.com |
| Carl Helein | chenlein@fbtlaw.com |
| Charles Redihan | credihan@KPRlaw.com |
| Christopher Fallon | cfallon@cozen.com |
| Curtis Diedrich | cdiedrich@sloanewalsh.com |
| Deborah Solmor | dsolmor@skadden.com |
| Donald Maroney | dmaroney@kkrs.com |
| Donna Lamontange | dlamontagne@zizikpowers.com |
| Edward Crane | ecrane@skadden.com |
| Edwin McPherson | emcpherson@m-klaw.com |
| Eva Marie Mancuso | emancuso@hwac.com |
| Faith LaSalle | flasalle@lasallelaw.com |
| Fred Kelly | fkelly@nixonpeabody.com |
| Gearld DeMaria | gdemaria@hcc-law.com |
| Howard Merten | hmerten@vetterandwhite.com |
| James Lee | jlee@riag.state.ri.us |
| James Murphy | jtm@hansoncurran.com |
| James Reilly | jreilly@kkrs.com |

| | |
|---|---|
| James Restivo | Jrestivo@reedsmith.com |
| Jose M. Rojas | jrosjas@goodwin.com |
| Joseph Cavanagh | jvc@blishcavlaw.com |
| Kathaleen M. Daniels | kathleen@desistolaw.com |
| Lauren DiSimone Wilkins | lwilkins@smithbrink.com |
| Marc DeSisto | marc@Desistolaw.com |
| Mark Mandell | msmandell@msn.com |
| Max Wistow | mwistow@wistbar.com |
| Michael St. Pierre | Mikesp@rrsplaw.com |
| Patrick Jones | pjones@cmj-law.com |
| Ralph J. Monaco | Rmonaco.c-l@snet.net |
| Robert Reardon/ Robert Rimmer | Reardonlaw@aol.com |
| Ronald Langlois | rlanglois@smithbrink.com |
| Scott Tucker | strcker@ths-law.com |
| Stephen Breggia | sbreggia@BBGlaw.us |
| Stephen Minicucci | sminicucci@calvinolaw.com |
| Susan Wettle | swettle@fbtlaw.com |
| Thomas Angelone | Angelonelaw@aol.com |
| W.Thomas McGough | tmcgough@reedsmith.com |

I further certify that a true copy of the within was mailed on this same day to:

Ronald J. Resmini
Ronald J. Creamer
LAW OFFICES OF RONALD J. RESMINI
1555 South Main Street, Suite 400
Providence, RI 02903

Brian R. Cunha, Esquire